# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADISON GAY, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 16-6634 |
| EDWARD RORER, | |
| Defendant. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                    **JANUARY 3, 2018**

      Presently before this Court is Plaintiff, Madison Gay's ("Gay"), Motion for Reconsideration of this Court's October 16, 2017 Order ("October 16th Order"), and the Defendant, Edward Rorer's ("Rorer"), Response in Opposition. For the following reasons, Gay's Motion for Reconsideration is denied as untimely.

## I.       BACKGROUND

      Gay was driving on the morning of October 10, 2016, when Rorer struck her motor vehicle. (Def.'s Mem. Supp. Mot. for Partial Summ. J. at 3.) Gay filed a civil action against Rorer in the Court of Common Pleas of Philadelphia County on November 18, 2016. (*Id.*) On December 20, 2016, Rorer filed an Answer with New Matter. Rorer's New Matter claimed, in part, that Gay was precluded from seeking non-economic damages pursuant to the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Const. Stat. § 1705. (*Id.*) Shortly thereafter, the case was properly removed to the United States District Court for the Eastern District of Pennsylvania. (*Id.*)

Rorer filed a Motion for Partial Summary Judgment on July 24, 2017, arguing that Gay must be deemed to have selected the limited tort option because there was no evidence in the record to support that Gay or the vehicle she was driving at the time of the accident was insured. (*Id.* at 14–16.) Therefore she could not be considered a full tort Plaintiff under the MVFRL. (*Id.*) Gay responded by stating that there was a dispute as to her limited tort or full tort status and she should therefore be defaulted to full tort status. (Pl.'s Mem. in Opp'n Def.'s Mot. for Partial Summ. J. at 3–6.) Gay claims that she was merely "listed as a permissive driver under her [father's limited tort] policy covering the vehicle she was permitted to drive." (*Id.* at 6.) Gay argued that since she was not an insured under the MVFRL and did not own the vehicle she was driving, she should not be precluded from claiming non-economic damages. (*Id.* at 5 (citing *McWeeney v. Strickler*, 61 A.3d 1023, 1030 (Pa. Super. Ct. 2013); 75 Pa. Const. Stat. § 1705(b)(3).)

Rorer filed a Brief in Response to the Opposition of Plaintiff to the Motion for Summary Judgment, claiming Gay failed to provide evidence showing that she did not own the vehicle or that the vehicle was insured. (Def.'s Br. in Resp. to Opp'n of Pl. to Mot. for Summ. J. at 2–4.) Rorer cited Gay's verified Complaint and her deposition testimony that supported the proposition that she owned the vehicle she was driving at the time of the October 10, 2016 accident. (*Id.* at 3–4.) Additionally, the vehicle in question was not listed under the insurance declaration page Gay filed. (*Id.* at 2–3.) Accordingly, in denying Rorer's Motion for Partial Summary Judgment, this Court found that the record indicated Gay was driving an uninsured vehicle which she repeatedly claimed to have owned. (*See* Doc. No. 12.) Therefore, this Court found her "to have selected the limited tort alternative pursuant to 75 Pa. Cons. Stat. § 1705(a)(5)." (*Id.*)

On November 3, 2017, Gay filed the Motion for Reconsideration now before the Court. In it she claimed "new evidence has come to light" in the form of vehicle registration and insurance cards for a 1999 Ford Taurus.[1] (Pl.'s Mot. Recons. at 9–10.) Gay asserts that this evidence shows the car was owned and insured by her father, Michael Gay, at the time of the accident, therefore, refuting the foundation of the finding in the October 16th Order that she owned the vehicle involved in the accident and that said vehicle was uninsured. (*Id.* at 10, Ex. E.) Gay argues that under the MVFRL, this new evidence makes her an uninsured driver of a car she does not own and, therefore, not subject to the limited tort alternative election of her father's insurance policy. (*Id.* at 10). Thus, Gay argues she should not be precluded from maintaining an action for noneconomic damages under the MVFRL. (*Id.*) Gay requests this Court reconsider that finding and find that she retains all recovery rights under the full tort alternative. (*Id.* at 12.)

## II.  STANDARD OF REVIEW

### A.  Timeliness

Motions for reconsideration filed in this Court are governed by Local Rule 7.1(g), which states that such motions "shall be served and filed within fourteen (14) days after the entry of the order concerned . . . ." Local R. Civ. P. 7.1(g). The United States Court of Appeals for the Third Circuit ("Third Circuit") has held that "local rules play a significant role in the district courts' efforts to manage themselves and their dockets" and that it is "not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule." *United States v. Eleven Vehicles, Their Equip. and Accessories*, 200 F.3d 203, 214 (3d. Cir. 2000) (citing *Smith v. Oelenschlager*, 845

---

[1] Plaintiff Gay testified at deposition that the vehicle in question was a 1998 Ford Taurus. (Pl.'s Mem. in Opp'n Def.'s Mot. for Partial Summ. J., Ex. B.) This Court relied on that testimony in its October 16th Order. However, the "new evidence" she now submits indicates the vehicle is actually a 1999 Ford Taurus. The Court believes this to be a harmless error.

3

F.2d 1182, 1184 (3d. Cir. 1988)). In *United States v. Eleven Vehicles, Their Equip. and Accessories*, the Third Circuit did, however, provide a framework for district courts to depart from a local rule where "(1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Id.*

B.  **Reconsideration**

"The United States Court of Appeals for the Third Circuit has held that 'the purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. 1994) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d. Cir. 1985)). Accordingly, a District Court should grant a party's motion for reconsideration under any of the following grounds: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999). Federal courts have a strong interest in the finality of judgments, and motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Nor may a party "submit evidence which was available to it prior to a court's grant of summary judgment." *Tobin v. Gen. Elec. Co.*, No. 95-4003, 1998 WL 31875, at *2 (E.D. Pa. 1998) (citing *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994)). The Court should consider "facts or legal issues properly presented but overlooked" when deciding whether to grant reconsideration. *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398–99 (E.D. Pa. 2002).

4

## III. **DISCUSSION**

Gay moves for this Court to reconsider its October 16th Order with respect to the finding that she is a limited tort Plaintiff. We decline to consider this Motion due to it being untimely. Local Rule 7.1(g) clearly states that Motions for Reconsideration must be filed within fourteen days of the Order concerned. Local R. Civ. P. 7.1(g). This Court's Order was filed on October 16, 2017. (Doc. No. 12.) Gay filed her Motion for Reconsideration eighteen days later on November 3, 2017, four days after the Local Rule permits. (Doc. No. 14.)

While this Court acknowledges the discretion that the Third Circuit has given to depart from Local Rules, we find no reason to do so here. *See Eleven Vehicles,* 200 F.3d at 214. The Third Circuit's framework for using this discretion says the District Court "(1) must have a sound rationale to do so and (2) must not unfairly prejudice a party who has relied on the local rule to his detriment." *Id.* Here, Rorer has already filed a Proposed Pretrial Order upon the conclusion of the allowed time to appeal and we find no sound rationale to depart from the Local Rule. Although she is clearly aware of the date that the October 16th Order was filed, Gay neither offers an explanation as to why her Motion was filed four days after the fourteen day deadline nor does she acknowledge it is late. This Court is not inclined to venture any further rationale as to why Gay's Motion is untimely.

Furthermore, the Court does not believe Gay would be successful in her Motion for Reconsideration even if it had been timely filed. In order to be successful on a Motion for Reconsideration, Gay must show (1) there has been an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court granted the Motion for Summary Judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Cafe*, 176 F.3d at 677.

We believe Gay is unable to prove any of these grounds for reconsideration. The first can be quickly disposed of as there has not been, nor does Gay argue, an intervening change in the controlling law. As to the second cause, Gay asserts in her Motion for Reconsideration that "new evidence has come to light" in the form of the vehicle registration and insurance cards for the 1999 Ford Taurus. (Pl.'s Mot. Recons. at 9–10, Ex. E.) Gay provides no explanation as to how this evidence has only just now become available. In fact, this Court is unclear how this evidence, which was referenced in Gay's verified Complaint and deposition testimony, was repeatedly asked for by the defendant through counsel, and was a topic briefed when deciding Rorer's Motion for Summary Judgment, can now be considered "new." A Plaintiff's best chance of success on a Motion for Reconsideration is to ask the Court to reconsider facts or legal issues that were "properly presented but overlooked." *Blue Mountain Mushroom Co.,* 246 F. Supp. 2d at 398–99. The Court believes that it would be unable to draw the conclusion that simply because evidence was not "properly presented" prior to summary judgment that it must then be considered "new" upon a Motion for Reconsideration. *See id.*

Finally, Gay asks the Court to correct a clear error of law or fact in order to prevent manifest injustice. (Pl.'s Mot. Recons. at 13.) We do not find that we have made any clear error of law or fact. The Court correctly relied on the record of the facts presented when it found Gay to have selected the limited tort alternative. (Doc. No. 12.) Gay repeatedly made judicial admissions of ownership of the 1999 Ford Taurus through her deposition testimony and her verified Complaint. (*Id.*) Gay also failed to provide any evidence to contradict those admissions or to support that the car was owned and insured by someone else. (*Id.*) As to the extent any mistake was made, it would fall on Gay for not properly presenting basic evidence that was available to her prior to the Court's finding in the October 16th Order. The purpose of a Motion

for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence, not to assist a party in relitigating an issue based on an apparently avoidable mistake entirely of their own making. *See, e.g.*, *Blue Mountain Mushroom Co.*, 246 F. Supp. 2d at 398–99; *Tobin*, 1998 WL 31875, *2 (citing *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).

## IV. CONCLUSION

For the reasons set forth above, Gay's Motion for Reconsideration is denied.

An appropriate Order follows.